## In re JACKSON LIGHT & TRACTION CO.

(District Court, S. D. Mississippi, Jackson Division.    October, 1919.)

**Judgment** ⊚⇒**753—Lien of federal court judgment dependent on state law.**

The effect of the repeal by Act Aug. 23, 1916, c. 397, of section 3 of Act Aug. 1, 1888, c. 729, as amended by Act March 2, 1895, c. 180, providing that it should not be necessary to docket or file a transcript of any judgment or decree of a federal court in any state office within the county in which the judgment or decree was rendered, in order that it should be a lien on property in such county, was to leave in effect the state laws respecting such liens, and under Code Miss. 1906, § 822, an abstract of a federal judgment or decree must be filed in the office of the clerk of the circuit court of the county and enrolled in order to create a lien on property in that county.

In Bankruptcy. In the matter of Jackson Light & Traction Company, bankrupt. On review of order of referee denying priority to claim of Dr. C. A. Lee, administrator. Affirmed.

The following is the opinion of Referee West:

The Jackson Light & Traction Company was adjudged a bankrupt on March 29, 1919, upon a voluntary petition. On April 5, 1919, Dr. C. A. Lee, administrator of the estate of Percy L. Johnson, deceased, filed his claim in this court for the sum of $10,730, which he prayed to be allowed as a claim entitled to payment in full out of the assets of the above estate. This claim represented a judgment for the death of Johnson, who was injured by the running of the cars of the Jackson Light & Traction Company.

Judgment for the above amount was rendered by the District Court of the United States in and for the Jackson Division of the Southern District on May 10, 1918. The traction company, defendant, appealed the case to the United States Circuit Court of Appeals, having given bond with supersedeas thereon. That court affirmed the judgment of the trial court on March 4, 1919. 256 Fed. 97, 167 C. C. A. 339. The judgment of the trial court was enrolled by the clerk thereof on the day of its rendition, May 10, 1918, but this judgment was not enrolled in the office of the clerk of the circuit court of Hinds county, Miss., in which county the property of the defendant was located, until April 4, 1919. The proof of claim, with several exhibits, is hereto attached as a part of this certificate.

On August 5, 1919, the attorney for the trustees in bankruptcy, viz. William H. Watkins, Esq., handed to me an order regarding the allowance of the said claim, which said order is hereto attached as a part of this certificate. This order allowed the claim as a general or unsecured one, but disallowed it as one entitled to priority of payment. This order, which was signed by me, was approved by Geo. L. Teat, one of the attorneys for the said Dr. Lee, on August 5, 1919. The order reserved an exception thereto by attorneys for claimant; but these attorneys failed to appeal from the referee's decision within 10 days, as provided by rule 16 of this court. That rule is as follows:

"When a review by the judge, of any order, ruling or decision of the referee is desired an objection shall be made at the time of the ruling, order or decision objected to, by the person objecting to the ruling, order or decision, and desiring a review, which objection shall be noted on the record; and he shall file with the referee his petition for a review pursuant to General Order XXVII [89 Fed. xi, 32 C. C. A. xxvii] within ten days of the date of said ruling, order or decision. If objection be not made, and petition filed within said period of ten days, the person affected by such order, ruling or decision, shall be deemed to acquiesce therein and to have waived all rights to have the same reviewed by the judge. For good cause shown the referee may at any time within ten days after the making of any order, ruling or decision, al-

low a petition for review even though objection was not filed at the time of the making of the order, ruling or decision sought to be reviewed, or he may extend the time within which a petition for review may be filed not to exceed thirty days from the granting of such an extension of time. Whenever practicable, the referee shall annex to the transcript showing the order, ruling or decision, objection and petition, his reason for the order, ruling or decision complained of."

The order disallowing the Lee claim as one entitled to priority, but allowing it as a general claim, is dated August 5, 1919. On August 22, 1919, the attorneys for claimant filed their petition with this court for an extension of the time within which to file their petition for review, as per the provisions of rule 16. That petition is hereto attached and made a part of this certificate. On the same day, viz. August 22d, I entered the following order in denying the petition for extension:

"Coming on to be heard the petition of Dr. C. A. Lee, administrator, this day filed, praying an extension of time to 30 days within which to file his petition to review the order of this court under date of August 5, 1919, by the terms of which said order the claim of Dr. C. A. Lee was allowed as a general or unsecured one against the above estate, and the court, having heard and duly considered the said petition for the said extension of time, doth order and adjudge:

"1. The said application for said extension of time, not having been filed within the 10 days provided by rule 16 of this court, the said application for said extension of time is now filed too late.

"2. The court is of the opinion that, had the said application been filed within the said 10 days as provided by the said rule 16, the allegations of the said petition, as sworn to, would have been sufficient cause upon which an extension of said 30 days could have been granted. It is adjudged that the petition for the said extension be and the same is hereby denied. Said petitioner having excepted to the ruling of the court in denying said application for said extension, 10 days are hereby allowed within which he may file his petition for review by the District Judge."

The Bankruptcy Act does not provide any time within which appeals may be had from the referee in bankruptcy. Therefore the courts of bankruptcy have adopted rules prescribing the time within which petitions for review should be filed, seeking to have reviews by the District Judge of the decisions of the referees in bankruptcy. A bill is now pending in Congress prescribing 30 days for such appeals or petitions for review, but the same has not yet become a law, as I am advised.

I think that rule 16 clearly provides that the application for extension of time to 30 days must be made within the 10 days prescribed by the rule; otherwise, the decisions of referees would have no stability or finality. If the claimant or creditor be allowed to file an application for extension of time to 30 days at any time after the expiration of 10 days prescribed in the rule, there is no limitation of time prescribed within which such applications may be filed, and uncertainty would result. The rule should be strictly complied with. It is just as effective and binding upon all parties before the court as if the act itself prescribed the time within which such applications for extension should be prayed.

Upon the merits of the claim of Dr. Lee, I think the claim is not one entitled to priority, for the reason that the same was not a lien at the time of the filing of the petition in bankruptcy. The Bankruptcy Act recognizes the validity of lien judgments against bankrupt estates, if more than 4 months old before the filing of this petition, and provides for their payment in full before the payment of dividends to general creditors.

Congress has made judgments recovered in the federal courts liens where they are made so by the laws of the states, and Congress has also provided that judgments shall cease to have that operation in the same manner and at the same periods in the respective federal districts as like processes do when issued from the state courts. See Pierce v. Brown, 7 Wall. 205, 19 L. Ed. 134; Baker v. Morton, 12 Wall. 150, 20 L. Ed. 262. The lien of judgments and de-

crees in the federal courts arises out of the adoption of the state laws upon that subject, and a judgment of the federal court is a lien to the same extent, and in the same manner, as is the lien of a judgment of a court of the state in which the federal court is sitting. Ward v. Chamberlain, 2 Black, 430, 17 L. Ed. 319; Blair v. Ostrander, 109 Iowa, 204, 80 N. W. 330, 47 L. R. A. 469 and notes, 77 Am. St. Rep. 532.

The Act of Congress of August 1, 1888, chapter 729, 25 Stat. at Large. 357, provides that judgments and decrees rendered in the District Court of the United States within any state, shall be liens on property throughout such state, in the same manner and to the same extent and under the same conditions only as if such judgments and decrees had been rendered by a court of general jurisdiction of such state. That act may be found in section 1606, U. S. Compiled Statutes 1918, compact edition, and in full is as follows:

"Judgments and decrees rendered in a District Court of the United States within any state, shall be liens on property throughout such state in the same manner and to the same extent and under the same conditions only as if such judgments and decrees had been rendered by a court of general jurisdiction of such state: Provided, that whenever the laws of any state require a judgment or decree of a state court to be registered, recorded, docketed, indexed, or any other thing to be done, in a particular manner, or in a certain office or county, or parish in the state of Louisiana, before a lien shall attach, this act shall be applicable therein whenever, and only whenever, the laws of such state shall authorize the judgments and decrees of the United States courts to be registered, recorded, docketed, indexed, or otherwise conformed to the rules and requirements relating to the judgments and decrees of the courts of the state."

Section 822 of the Mississippi Code of 1906 provides that judgments and decrees at law or in equity rendered in any court of the United States held within this state or in the Supreme Court or court of chancery of this state, shall not be a lien upon or bind the property of a defendant within the county in which such judgments or decrees may be rendered, until an abstract thereof shall be filed in the office of the clerk of the circuit court of the county, and enrolled on the judgment roll in the manner and on the terms described in chapter on circuit courts of that Code, and provides that such judgments and decrees shall bind the property of the defendants from the date of such enrollment in like manner as such judgments and decrees rendered in a different county and so enrolled. That section in full is as follows:

"Judgments and decrees, at law or in equity, rendered in any court of the United States held within this state, or in the Supreme Court or the court of chancery of this state, shall not be a lien upon or bind the property of the defendant within the county in which such judgments or decrees may be rendered, until an abstract thereof shall be filed in the office of the clerk of the circuit court of the county and enrolled on the judgment roll, in the manner and on the terms hereinbefore provided; and such judgments and decrees shall bind the property of the defendants from the date of such enrollment, in like manner as judgments and decrees rendered in a different county and so enrolled."

The judgment of Dr. Lee, administrator, not having been enrolled in the office of the clerk of the circuit court of Hinds county until April 4, 1919, is not, therefore, a lien under the statutes. No lien was created, nor can one be established, because of such failure to record the said judgment. The other steps taken by the judgment creditor, to wit, the issuance of an execution on the judgment of the United States District Court in July, 1918, which said execution was served by the marshal upon the defendant, and the issuance of writs of garnishments against the debtors of the defendant, were not effective to fix a lien against the property of the bankrupt, so as to entitle the judgment creditor to priority of payment.

I am clearly of the opinion, therefore, that the order of this court, heretofore entered, allowing the claim as a general one and not entitled to priority, is correct.

Teat, Teat & Potter, of Jackson, Miss., for creditor.
Wells, May & Sanders, of Jackson, Miss., for bankrupt.

HOLMES, District Judge. This case has been fully covered in the briefs and certificate of the referee, and the only new, or additional, view which presents itself to the court is with reference to the effect of the repeal of section 3 of the act of 1888, as amended by the act of 1895. Section 3 was repealed by the Act of August 23, 1916, the repealing act to become effective on January 1, 1917. 39 Stat. at Large, 531.

It seems to be conceded by counsel for the judgment creditor that, under the act of 1888, he has no lien on any property outside of the county where the judgment was rendered; but it is claimed that in that county, to wit, Hinds county, the enrollment of the judgment in the office of the clerk of the United States District Court was sufficient to create a lien on all property of the defendant situated within that county. This contention renders meaningless the Act of August 23, 1916, repealing section 3 of the Act of August 1, 1888, as amended by the Act of March 2, 1895. The courts must give effect to section 3, while in force, and attribute to Congress a substantial reason or motive for repealing the same. The said section 3. of the act of 1888 is as follows:

"Nothing herein shall be construed to require the docketing of a judgment or decree of a United States court, or the filing of a transcript thereof, in any state office within the same county or parish in the state of Louisiana in which the judgment * * * is rendered, in order that such judgment or decree may be a lien on any property within such county." 25 Stat. at Large, 357.

By act approved March 2, 1895 (chapter 180, 28 Stat. at Large, page 813), the said section 3 was amended by an addition thereto which made its effectiveness conditioned upon the clerk of the United States court being required by law to have a permanent office and a judgment record open at all times for public inspection in the county or parish where the judgment or decree was rendered. As amended, section 3 reads as follows:

"That nothing herein shall be construed to require the docketing of a judgment or decree of a United States court, or the filing of a transcript thereof, in any state office within the same county or the same parish in the state of Louisiana in which the judgment or decree is rendered, in order that such judgment or decree may be a lien on any property within such county, if the clerk of the United States court be required by law to have a permanent office and a judgment record open at all times for public inspection in such county or parish." 28 Stat. at Large, 814.

The Act of August 23, 1916, chapter 397, 39 Stat. at Large, 531, repealing section 3, is as follows:

"Section 1. [Docketing in State Court * * * Repeal of Statute.] That an act approved March second, eighteen hundred and ninety-five, entitled 'An act to amend section three of an act entitled "An act to regulate the liens of judgments and decrees of the courts of the United States," approved August first, eighteen hundred and eighty-eight,' be, and the same is hereby, repealed.

"Sec. 2. [Act When Effective.] That this act shall take effect on and after January first, nineteen hundred and seventeen."

It seems very clear that, under section 3 of the act of 1888, it was not necessary to enroll the federal court judgment in the state cir-

cuit clerk's office of the county where the judgment was rendered if the clerk of the United States court had a permanent office and a judgment record open at all times for public inspection. Section 3 obviated the necessity of such enrollment, but the repeal of section 3, by the act above quoted, which became effective January 1, 1917, rendered the same procedure as to a federal court judgment necessary in the county where the judgment was rendered as was required in the other counties of the state in order to obtain a lien.

I am therefore of the opinion that the judgment creditor has no lien entitling him to priority of payment in bankruptcy and the decision of the referee should be affirmed. It is so ordered.